**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE:  **Radford Cassie Hunter** | CASE NO    **05-41811-H5-13** |
| **Edgar Faye Norman-Hunter** | |
| *Debtor(s)* | CHAPTER    **13** |

## CHAPTER 13 PLAN

The above-named Debtor (whether one or more) proposes under Chapter 13 of the Bankruptcy Code the following Plan:

The debts of the Debtor duly proved and allowed shall be paid to the holders thereof in accordance with the provisions of the Bankruptcy Code and this Plan.

Debtor hereby submits such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for the execution of the Plan.

The Debtor agrees to pay into the Plan for payment of creditors as set forth in the attached Plan Summary which is hereunto incorporated and made part of this Plan.

Payment of any claim against the Debtor may be made from property of the estate or property of the Debtor.

From the payments so received, the Trustee shall make disbursements in the following order if not otherwise indicated by the attached Plan Summary:

A. **Administrative Expenses:** The Trustee shall first pay the expenses as prescribed by the Court for administering the Plan. The balance, if any, of attorney fees owed to the Debtor's attorney shall be paid concurrently with priority and allowed secured claims, in full, by consecutive monthly installments beginning at the date a Plan is confirmed, and in advance of unsecured creditors. Debtor's attorney reserves the right to make demand at any time for full payment of any balance of attorney fees, and the Trustee shall pay the same ahead of other claims.

B. **Shelter:** In the event the Debtor is in arrears in any payments to a creditor holding a mortgage on the Debtor's home (or is in arrears in any rental to a landlord for the Debtor's place of residence), such delinquent payments shall be made by the Trustee before any distribution is made to General Unsecured creditors.

C. **Priority Claims:** All claims entitled to priority under Section 507 of the Bankruptcy Code will be paid in full in deferred installments unless the holder of such claim agrees to a different treatment of such claim, such payments to be as hereafter specifically scheduled for payment and if not so scheduled, then along with secured claims.

Priority claims for taxes which are deemed unsecured shall not accrue interest or penalty subsequent to the date of filing of the petition and such interest or penalty as might otherwise accrue thereafter shall be discharged upon the entry of the discharge order in this proceeding.

D-1. **Secured Claims:** Secured creditors whose claims are timely filed, duly proved, and allowed, will be paid at least the value of their security. The allowed secured claims shall be paid in such amount as the creditor's contact with the Debtor provides, unless such payments under the plan are insufficient, in which case the secured claims shall be paid as hereafter specifically scheduled for payment, and if not scheduled for specific payment, then on a pro rata basis.

D-2. **Lien Release:** The value, as of the effective date of this Plan, of property to be distributed under the Plan on account of secured claims, is not less than the allowed amount of such claims. The holders of such claims shall retain their liens on the collateral which is security for such claims; except, however, upon a secured creditor receiving from the Chapter 13 Trustee all payments specified in paragraph D herein (regardless of any unpaid unsecured portion), that creditor's lien(s) is satisfied in full, and that creditor shall release its lien(s) or security interest as to anything securing payment thereof, and shall deliver title or appropriate release to the Debtor, except to the extent the Internal Revenue Code, including 26 U.S.C § 6325(a) or the Bankruptcy Code, including 11 U.S.C. § 522(c)(2)(B) operate to provide otherwise, or upon the Debtor receiving a Chapter 13 discharge.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  **Radford Cassie Hunter**                                CASE NO    **05-41811-H5-13**
**Edgar Faye Norman-Hunter**
*Debtor(s)*                                                                        CHAPTER    **13**

## CHAPTER 13 PLAN
*Continuation Sheet # 1*

---

The status of claims shall be determined in accordance with Section 605 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3002.  Claims thought to be secured but which are found by the Court to unsecured will be treated as unsecured.

**E.    Unsecured Claims:**    Unsecured claims shall be divided into two classes, and each claim within a particular class shall receive the same treatment:

**(1)    Special Class**
Unsecured claims classified as "Special" shall be paid 100% of their allowed claims under the plan.  These normally include, but are not limited to the following:  (a) Claims arising out of consumer debts for which any individual is liable with the Debtor by way of co-signature, guarantee, endorsement or otherwise. (b) Claims based on NSF checks, or any claims which might incur criminal sanction.  Such claims may only be paid through the plan upon agreement by the affected creditor.  (c)  Any other claim that is non-dischargeable in bankruptcy but NOT entitled to priority under Section 507 of the Bankruptcy Code.Such claims can be paid with or without interest as appropriate and shall be paid along with priority and secured claims or as otherwise described in the attached Plan Summary.

**(2)    General Class**
Unsecured claims classified as "General" shall include all creditors holding unsecured nonpriority claims not otherwise designated as being in a "special" class.  Payment, if any, is normally on a pro rata basis unless otherwise indicated in the Plan Summary.  All allowed claims of this class shall be paid in an amount under the plan which is not less than the amount that would be paid on such claims if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the petition herein. In calculating the payments to creditors, there shall not be included payments made by the Trustee on any arrearage for rent or house payments, payments made by the Trustee to the Debtor, any payment made by the Trustee on claims not listed on Schedule D, E or F in these proceedings by the Debtor, nor payments made by the Trustee on post-petition debts.  Any General Unsecured claim to be paid in the amount of $50.00 or less may be paid, to such extent, in full, in equal installments, or as the Trustee elects, rather than on a pro-rata basis.

General Unsecured claims may be paid concurrently with priority and secured claims so long as each secured creditor is adequately protected as prescribed by 11 U.S.C. Section 362.  Any delinquencies on secured claims, priority claims and Special Class unsecured claims must be brought current before any payments are made on General Unsecured claims.

**F.    Other:**  No interest, penalty, or additional charge shall be allowed on any account subsequent to the filing of the petition herein, except that interest shall be allowed on priority, secured and special class unsecured claims if so specified by this Plan and the attached Plan Summary.

All claims by a creditor must be filed within ninety days after the date set for the First Meeting of Creditors and in accordance with Bankruptcy Rule 3002.  Debtor reserves the right to file claims on behalf of any creditor at any time during the term of the plan.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | Radford Cassie Hunter | CASE NO | **05-41811-H5-13** |
| | Edgar Faye Norman-Hunter | | |
| | *Debtor(s)* | CHAPTER | **13** |

## **CHAPTER 13 PLAN**
*Continuation Sheet # 2*

    Any specifically scheduled amounts to be paid to creditors are set forth in the "Plan Summary" attached hereto as "Exhibit A" and made a part hereof. The terms "Plan Summary" and "Exhibit A" are used interchangeably herein and refer to the same document.

    The Court may from time to time during the period of the plan of repayment, increase or reduce the amount of any of the installments provided by the Plan, or extend or shorten the time for payment where it shall be made to appear, after hearing upon such notice as the Court may designate, that the circumstances of the Debtor so warrant or require; provided, however, that nothing in the plan shall be construed to prevent the granting of a discharge of the Debtor as provided in Section 1328 of the Bankruptcy Code.

    The 60 months allowed for repayment of debts shall be determined to be met when the Trustee receives a sum of money equal to the amounts he should have received in 60 months as provided by the Plan, or as the Plan may be amended from time to time.

    All property of the estate shall remain as property of the estate subject to the automatic stay of 11 U.S.C. Section 362 until an order of Discharge or Dismissal is entered.

    As allowed by Section 1322(b)(7) of the Bankruptcy Code, the Debtor Assumes and/or Rejects the following executory contracts, if any:

1. Reject the executory contracts or unexpired leases with the following creditors:
    **None**

2. Assume (or Assign as noted) the following executory contracts with the following creditors:
    **None**

    The plan payment is scheduled at _____**Variable***_____ which consists of all disposable income of the Debtor. The plan, as proposed, will last for a period of approximately **60** months. Priority creditors shall be fully paid. Secured creditors shall be paid the allowed amount of their collateral. Special class unsecured creditors shall be fully paid. Duly filed and allowed General unsecured claims will receive a pro-rata distribution after payment of the foregoing (unless otherwise indicated in the Plan Summary), which may not pay them in full. Any unpaid balances remaining after the payment provided for herein shall be fully discharged. Based on the information as filed to date, it is estimated that the General Unsecured creditors will be paid approximately ____**1%**____ of their allowed claims.

    Debtor hereby moves and requests the Debtor be appointed as disbursing agent for the payment of the following debts in the following amounts, or as such amounts may be changed from time to time:

| Creditor Name | Debt Amount | Monthly Payment |
|---|---|---|
| **Curtis & Kathy Capps** | **$6,439.91** | |

Such payments shall be made by Debtor in addition to the payments to the Trustee as hereinabove set forth.

| Name of Creditor | Amount Claimed | Value of Collateral | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| **Secured Claims:** | *(Underlined amount indicates amount to be paid under plan)* | | | | | |
| Credit Loans | $386.09 | $10.00 | 6% | Pro-Rata | 6-60 | $11.78 |
| Curtis & Kathy Capps | $1,560.00 | $2,270.00 | 0% | Pro-Rata | 6-60 | $1,560.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: **Radford Cassie Hunter**            CASE NO  **05-41811-H5-13**
**Edgar Faye Norman-Hunter**
*Debtor(s)*                                  CHAPTER  **13**

## CHAPTER 13 PLAN
*Continuation Sheet # 3*

| Creditor | | | | | | |
|---|---:|---:|---:|---|---|---:|
| Gerald "Buddy" Winn | $108.06 | $2,270.00 | 6% | Pro-Rata | 6-60 | $127.30 |
| Gold Star Finance | $470.00 | $10.00 | 6% | Pro-Rata | 6-60 | $11.78 |
| Gold Star Finance | $536.00 | $100.00 | 6% | Pro-Rata | 6-60 | $117.80 |
| HSBC Auto Finance | $12,355.67 | $13,010.00 | 6% | Pro-Rata | 6-60 | $14,551.81 |
| Nissan Motor Acceptance | $16,461.89 | $15,850.00 | 6% | Pro-Rata | 6-60 | $18,667.30 |
| Sunbelt Credit | $527.00 | $10.00 | 6% | Pro-Rata | 6-60 | $11.78 |
| Toledo Finance | $425.00 | $10.00 | 6% | Pro-Rata | 6-60 | $11.76 |
| Vanderbilt Mortgage | $39,906.09 | $29,730.00 | 6% | Pro-Rata | 6-60 | $35,014.39 |

## Additional Provisions of the Plan

**Future Attorneys Fees**

The plan contains provisions for future anticipated attorneys fees, such fees being subject to fee application, court approval and an order.

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| Month | Payment | Month | Payment | Month | Payment |
|---:|---:|---:|---:|---:|---:|
| 1 | $465.00 | 21 | $2,200.00 | 41 | $2,200.00 |
| 2 | $465.00 | 22 | $2,200.00 | 42 | $2,200.00 |
| 3 | $465.00 | 23 | $2,200.00 | 43 | $2,200.00 |
| 4 | $465.00 | 24 | $2,200.00 | 44 | $2,200.00 |
| 5 | $465.00 | 25 | $2,200.00 | 45 | $2,200.00 |
| 6 | $2,200.00 | 26 | $2,200.00 | 46 | $2,200.00 |
| 7 | $2,200.00 | 27 | $2,200.00 | 47 | $2,200.00 |
| 8 | $2,200.00 | 28 | $2,200.00 | 48 | $2,200.00 |
| 9 | $2,200.00 | 29 | $2,200.00 | 49 | $2,200.00 |
| 10 | $2,200.00 | 30 | $2,200.00 | 50 | $2,200.00 |
| 11 | $2,200.00 | 31 | $2,200.00 | 51 | $2,200.00 |
| 12 | $2,200.00 | 32 | $2,200.00 | 52 | $2,200.00 |
| 13 | $2,200.00 | 33 | $2,200.00 | 53 | $2,200.00 |
| 14 | $2,200.00 | 34 | $2,200.00 | 54 | $2,200.00 |
| 15 | $2,200.00 | 35 | $2,200.00 | 55 | $2,200.00 |
| 16 | $2,200.00 | 36 | $2,200.00 | 56 | $2,200.00 |
| 17 | $2,200.00 | 37 | $2,200.00 | 57 | $2,200.00 |
| 18 | $2,200.00 | 38 | $2,200.00 | 58 | $2,200.00 |
| 19 | $2,200.00 | 39 | $2,200.00 | 59 | $2,200.00 |
| 20 | $2,200.00 | 40 | $2,200.00 | 60 | $2,200.00 |

The information above can also be found on the Chapter 13 Plan Summary (Exhibit "A")

DATED: 09/27/2005                              /s/ Radford Cassie Hunter
                                               **Radford Cassie Hunter**

                                               /s/ Edgar Faye Norman-Hunter
                                               **Edgar Faye Norman-Hunter**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | **Radford Cassie Hunter** | CASE NO | **05-41811-H5-13** |
| | **Edgar Faye Norman-Hunter** | | |
| | *Debtor(s)* | CHAPTER | **13** |

## CHAPTER 13 PLAN

**BUDGET INFORMATION**

| | |
|---|---:|
| Total Monthly Income | **$3,093.00** |
| Expenses | **$2,626.15** |
| Difference | **$466.85** |

**ANALYSIS OF PLAN:** Debtor shall submit such portion of future income to the supervision and control of the Trustee as is necessary for the execution of this Plan, as follows:

**A.** Monthly Payment (if variable, attach payment schedule) — **Variable***

*Variable Payments: months 1-5 $465.00; months 6-60 $2,200.00

**B.** Duration: **60 months**   Date Payments Start: **9/1/2005**
**C.** Gross Amount from Debtor (for plan duration) — **$123,325.00**
**D.** Trustee's Comp. and Expense Fund (10% of C) — **$12,332.50**
**E.** Net Available to Creditors — **$110,992.50**

**NON-STANDARD PROVISIONS**  ☒ are included (see line U);   ☐ are not included.

**F.   INTERIM DISBURSEMENTS OF PLAN PAYMENTS:**
The Chapter 13 Trustee shall distribute plan payments prior to confirmation of the plan upon separate motion by Debtor with notice and hearing and entry of an Order for Interim Disbursements.

**G.   SECURED CLAIMS:** The Debtor proposes to pay the lesser of the value of the collateral securing the claim or the amount of the claim, with interest as set forth below. Unless otherwise indicated below, **Debtor's payments will be distributed pro rata among all secured claims** on a monthly basis.

| Creditor/ Remarks | Total Claim | Collateral Value/ Secured Claim | Int. Rate | Monthly Pymt (If not pro rata) | 1st/Last Pymt (Anticipated) | Anticipated Total |
|---|---:|---:|---:|:---:|:---:|---:|
| Credit Loans | $386.09 | $10.00 | 6% | Pro-Rata | 6-60 | $11.78 |
| Curtis & Kathy Capps | $1,560.00 | $2,270.00 | 0% | Pro-Rata | 6-60 | $1,560.00 |
| Gerald "Buddy" Winn | $108.06 | $2,270.00 | 6% | Pro-Rata | 6-60 | $127.30 |
| Gold Star Finance | $470.00 | $10.00 | 6% | Pro-Rata | 6-60 | $11.78 |
| Gold Star Finance | $536.00 | $100.00 | 6% | Pro-Rata | 6-60 | $117.80 |
| HSBC Auto Finance | $12,355.67 | $13,010.00 | 6% | Pro-Rata | 6-60 | $14,551.81 |
| Nissan Motor Acceptance | $16,461.89 | $15,850.00 | 6% | Pro-Rata | 6-60 | $18,667.30 |
| Sunbelt Credit | $527.00 | $10.00 | 6% | Pro-Rata | 6-60 | $11.78 |
| Toledo Finance | $425.00 | $10.00 | 6% | Pro-Rata | 6-60 | $11.76 |
| Vanderbilt Mortgage | $39,906.09 | $29,730.00 | 6% | Pro-Rata | 6-60 | $35,014.39 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | **Radford Cassie Hunter** | CASE NO | **05-41811-H5-13** |
| | **Edgar Faye Norman-Hunter** | | |
| | *Debtor(s)* | CHAPTER | **13** |

## CHAPTER 13 PLAN
*Continuation Sheet # 1*

**G.1**      **Total Secured Claims:**    $70,085.70

**G.2 LIEN RELEASE:** The holder of each secured claim shall retain the lien on the collateral securing its claim; and once a secured creditor (other than a creditor paid directly pursuant to this plan under 11 U.S.C. § 1322(b)(2) & (b)(5)), has received payments which satisfy the creditor's allowed secured claim, the creditor shall release the lien(s) securing its claim, except to the extent the Internal Revenue Code or the Bankruptcy Code operate to provide otherwise.

**H. PRIORITY CLAIMS:** All claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, except to the extent the holder of such claim agrees to a different treatment, as specified below. **Debtor's payments will be distributed pro rata among all priority unsecured claims** on a monthly basis subsequent to Trustee's distribution on secured claims, unless otherwise provided as specified below.

| Creditor/Remarks | Type of Priority | Priority Amount | Monthly Pymt (If not pro rata) | 1st/Last Pymt (Anticipated) | Total |
|---|---|---|---|---|---|
| Attorney General | Child Support | $18,422.84 | Pro-Rata | 6-60 | $18,422.84 |
| Attorney General | Child Support | $8,783.54 | Pro-Rata | 6-60 | $8,783.54 |
| Attorney General | Child Support | $9,566.36 | Pro-Rata | 6-60 | $9,566.36 |
| Internal Revenue Service | Taxes | $1,101.00 | Pro-Rata | 6-60 | $1,101.00 |
| Baker & Associates, L.L.P. | Attorney Fees | $2,000.00 | Pro-Rata | 1-6 | $2,000.00 |
| Baker & Associates, L.L.P. | Attorney Fees | $500.00 | Pro-Rata | 1-6 | $500.00 |

**H.1**      **Total Priority Claims:**    $40,373.74

**H.2** Debtor shall file all tax returns as they become due and pay all governmental unit taxes arising post petition as they become due.

**I. GENERAL UNSECURED CLAIMS SEPARATELY CLASSIFIED:** To the extent this plan classifies claims, the same treatment is provided for each claim within a particular class. The following unsecured claims are classified separately and shall be treated differently from other general unsecured claims and paid by the Trustee as specified below.

| Creditor/Remarks | Nature of Debt (Criminal Restitution, Etc.) | 1st/Last Pymt (Anticipated) | Anticipated Total |
|---|---|---|---|
| *(None)* | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | **Radford Cassie Hunter** | CASE NO | **05-41811-H5-13** |
| | **Edgar Faye Norman-Hunter** | | |
| | *Debtor(s)* | CHAPTER | **13** |

## CHAPTER 13 PLAN
*Continuation Sheet # 2*

| | | |
|---|---|---:|
| **I.1** | Total unsecured claims separately treated, if any: | $0.00 |
| **J.** | Amount available for general unsecured claims (Line E) - (Lines G.1 + H.1 + I.1) | $533.06 |
| **K.** | Anticipated total general unsecured claims (excluding separately treated claims) | $56,105.32 |
| **L.** | Anticipated minimum percentage payment for other general unsecured claims (excluding separately treated claims) | 1% |

Note: The percentage shown is for the purposes of estimation only. It is based upon the amount of debt listed by the debtor in the schedules filed with the Court. If actual allowed claims are different than those scheduled by the debtor, the percentage paid to unsecured creditors may change.

**M.** The timely filed allowed general unsecured claims will be paid on a pro rata basis after the above listed creditors are paid (Lines G, H, I). The late filed allowed general unsecured claims will be paid on a pro rata basis after all timely filed allowed general unsecured claims are paid in full. General unsecured claims which are not filed shall not receive distribution from the Trustee.

**N.** These claims shall be paid by Debtor directly to the creditor pursuant to this plan.

| Creditor | Nature of Debt | Type of Claim (Secured, Priority, Unsecured) |
|---|---|---|
| Curtis & Kathy Capps | Purchase Money | Secured |

**O.** These secured claims and liens are provided for by Debtor surrendering the collateral pursuant to 11 U.S.C. § 1325(a)(5)(C), including setoffs of prepetition tax refunds, cash collateral, and any creditor's exercise of reclamation rights.

| Creditor | Type of Lien | Collateral | Value |
|---|---|---|---|
| *(None)* | | | |

**P.** **INSURANCE:** If required under a security instrument, an assumed executory contract or an assumed lease, debtor shall maintain insurance on all collateral retained under this plan at least to the extent of the amount to be paid to the creditor pursuant to this plan, and if the collateral is a principal residence that is a creditor's sole security, then the insurance maintained must comply with the mortgage and deed of trust.

**Q.** These **UNEXPIRED LEASES or EXECUTORY CONTRACTS** are assumed, rejected or assigned under 11 U.S.C. §§ 1322(a)(7) and 365.

| Creditor | Property Description | Election: (Assume, Reject, Assign) | In Default (Y or N) |
|---|---|---|---|
| *(None)* | | | |

Payments on assumed leases or executory contracts which become due post confirmation shall be paid by debtor directly to the creditor. Allowed claims on rejected leases or executory contracts will be paid on a pro rata basis with other allowed general unsecured claims specified in paragraph M.

**R.** If the Trustee receives a federal or state tax refund or tax credit which the Debtor may become entitled to during the term of the plan, the trustee is authorized to forward such refund to the Debtor or apply such refund to delinquent or future plan payments. Additionally, the Trustee may move to modify the plan to increase the total plan payments by the amount of the refund.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  **Radford Cassie Hunter**  CASE NO  **05-41811-H5-13**
   **Edgar Faye Norman-Hunter**
   *Debtor(s)*  CHAPTER  **13**

## CHAPTER 13 PLAN
*Continuation Sheet # 3*

**S.** The unsecured creditors shall receive through the Plan not less than the amount that would be received through a Chapter 7 liquidation in this Case.

| | |
|---|---:|
| Total Schedules A and B (Assets) | $66,844.75 |
| Total Liens or Encumbrances | $76,723.56 |
| Total Schedule C Exempted Property | $8,909.08 |
| Total Non-Exempted Property | $0.00 |

**T.** All property of Debtor's Estate shall vest in Debtor ☐ upon Debtor's Plan being confirmed; ☑ upon Debtor receiving a discharge under 11 U.S.C. § 1328 or Debtor's Case being dismissed. The automatic stay shall remain in effect as to all property of the Debtor and Debtor's estate pursuant to 11 U.S.C. § 362(c), except as further ordered by the Court.

**U.** **NON-STANDARD PROVISIONS**

**Future Attorneys Fees**
The plan contains provisions for future anticipated attorneys fees, such fees being subject to fee application, court approval and an order.

   I declare under penalty of perjury that this Plan Summary represents the terms of the plan proposed for confirmation by Debtor for treatment of all creditors and distributions by the Chapter 13 Trustee.

**Dated:**  09/27/2005   /s/ Radford Cassie Hunter
   **Radford Cassie Hunter**

 /s/ Reese W. Baker    /s/ Edgar Faye Norman-Hunter
 Reese W. Baker   **Edgar Faye Norman-Hunter**
*Attorney for Debtor(s)*